UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

EDWIN C. LEGUE,

    Plaintiff,

vs.

CITY OF RIVIERA BEACH,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, **EDWIN C. LEGUE**, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant **CITY OF RIVIERA BEACH** (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, race discrimination, in violation the Florida Civil Rights Act, § 760.01, *et seq.*, Florida Statutes ("FCRA"), 42 U.S.C. §1983 - Civil Action for Depravation of Rights, to redress injury done to Plaintiff by the Defendant for discriminatory treatment and for redress of Plaintiff's depravation of rights in violation of these laws.

2. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

3. Plaintiff is a Caucasian ("white") male and is a member of a class protected under § 1983 and the Florida Civil Rights Act (FCRA) because the terms, conditions, and privileges of his employment were altered because of his race and/or color.

4. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

5. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County.

6. Plaintiff was an employee covered by 42 U.S.C. §1983 and the FCRA in that he was subjected to negative, disparate treatment by his employer based on his race and/or color.

7. Plaintiff alleges causes of action for violations of 42 U.S.C. §1983 and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to termination.

8. On February 14, 2017, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

9. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff, a white Caucasian male was employed by Defendant from June 2008 through June 30, 2016 as a Marina Manager.

12. Throughout his employment, Plaintiff worked without negative reviews.

13. Plaintiff's position was outsourced, resulting in his termination on or about June 30, 2016.

14. Other similarly situated non-Caucasian employees of the City of Riviera Beach were not outsourced and terminated like Plaintiff.

15. Furthermore, in July of 2016, Plaintiff requested from the City of Riviera Beach, through its City Council and City Manager for the right to purchase remaining time on his retirement plan which would have allowed his retirement to vest. Plaintiff's request was tabled and subsequently rejected while other non-White, non-Caucasian former employees were allowed to purchase the remaining time on their retirement plan and were allowed for their retirement to vest.

16. Defendant has an unwritten pattern and practice of discriminating against non-black employees.

17. Upon his termination, Plaintiff was not afforded proper notice or the ability to allow for his retirement benefits to vest in violation of Chapter 14 of the City Ordinances.

18. No actions were taken by the City Council or the City Manager to address Plaintiff's complaints of discrimination and disparate treatment to allow Plaintiff to have his retirement plan vest after his unlawful termination.

19. Defendant's stated reason for termination—downsizing in the workforce—is without merit and is pretextual.

## COUNT I
### *Race and Color Discrimination in Violation of 42 U.S.C. § 1983*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–19 of this complaint as if set out in full herein.

21. Plaintiff is a member of a protected class under § 1983.

22. The City Manager, acting under color of law and vested with the final decision-making power, and in disregard of Plaintiff's due process rights, discharged Plaintiff arbitrarily and

without cause and without prior notice on or about June 30, 2016 ratifying the unlawful conduct of Defendant's managerial employees or officials.

23. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and color and subjected the Plaintiff to race and color-based animosity.

24. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a white Caucasian.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

26. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

27. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

28. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

29. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

30. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

31. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

32. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Race Discrimination in Violation the FCRA*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–19 of this complaint as if set out in full herein.

34. Plaintiff is a member of a protected class under the FCRA because he is Caucasian.

35. By the conduct describe above, (reduction in pay and termination) Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

36. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Caucasian.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

38. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under

Florida law.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Color Discrimination in Violation the FCRA*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–19 of this complaint as if set out in full herein.

44. Plaintiff is a member of a protected class under the FCRA because he is Caucasian.

45. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff

because of Plaintiff's race and subjected the Plaintiff to animosity based on Color.

46. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is white.

47. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

52. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to deter the Defendant for its actions, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*Violation under 42 U.S.C. §1983 of the Due Process Clause of the 14th Amendment*

115. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–19 above as if set out in full herein.

116. Under 42 U.S.C. §1983, "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected any citizen of the United States…to the depravation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

117. Defendant, by virtue of being a municipality and/or local government is a considered a person under the 42 U.S.C. §1983.

118. Defendant has exercised power by virtue of state law because it is clothed with the authority of state law, to wit: Defendant terminated Plaintiff and deprived Plaintiff of his property right for continued employment.

119. On or about June 30, 2016, the City Manager, acting under color of law and vested with the final decision-making power, and in disregard of Plaintiff's due process rights, discharged Plaintiff arbitrarily and without cause and without prior notice ratifying the unlawful conduct of Defendant's managerial employees or officials.

120. As a result of Defendant's action who implemented and/or executed a policy statement, ordinance, regulation, or decision, Plaintiff was deprived of his rights to retirement benefits under Chapter 14 of the Municipal Ordinances of Rivera Beach.

121. Defendant's decision in terminating Plaintiff's employment without notice or a hearing was the moving force behind Plaintiff's depravation of rights.

122. Defendant deprived Plaintiff of his rights through the 14th Amendment's Due Process Clause which requires that a depravation of life, liberty, or property be preceded by notice and opportunity of a hearing.

123. In the present case, Defendant terminated Plaintiff and ended his retirement benefits without notice and/or a hearing depriving Plaintiff of his property right of continued employment with Defendant.

124. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant depraving Plaintiff of his rights, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Section 1983 and has depraved Plaintiff of his rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: July 30, 2020                                Respectfully submitted,

/s/ Peter M. Hoogerwoerd, Esq.
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Daniel J. Bujan, Esq.
Florida Bar No. 1017943
Dbujan@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005